IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**ELKINO DENARDO DAWKINS,**

    **Plaintiff,**

vs.                                                     Case No. 4:12cv477-RS/CAS

**FLORIDA STATE MENTAL
HOSPITAL,**

    **Defendant.**

    _____/

## AMENDED REPORT AND RECOMMENDATION

Plaintiff, who is pro se, submitted a civil rights complaint on September 17, 2012. Doc. 1. Plaintiff also filed a motion seeking leave to proceed in forma pauperis. Doc. 2. An Order and Report and Recommendation was entered on September 19, 2012, granting Plaintiff's in forma pauperis motion and recommending that this case be dismissed. Doc. 4. Plaintiff's copy of that ruling has been returned to the Court as undeliverable. Docs. 5, 6. Therefore, the recommendation for dismissal is amended to also recommend the case be dismissed for failure to prosecute as Plaintiff has not provided the Court with an address where legal mail can reach him.

Plaintiff sues the Florida State Hospital, claiming that in October of 2007, he "was wrongfully admitted into the hospital and was kept there for a length of six months."

Doc. 1.  Plaintiff acknowledges he was admitted pursuant to a court order, but contends when he tried to explain a mistake had been made, he was ignored.  *Id.*

A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations.  Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).  In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act."  Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988).  Plaintiff's claims are barred by the statute of limitations and must be dismissed.  Moreover, Plaintiff alleges no unlawful act by the Hospital and, thus, the complaint also fails to state a claim.[1]

In light of the foregoing, it is respectfully **RECOMMENDED** that this action be **DISMISSED** for failure to state a claim upon which relief may be granted and because Plaintiff failed to provide a valid mailing address.

**IN CHAMBERS** at Tallahassee, Florida, on October 10, 2012.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Federal law permits a United States District Court to dismiss a case filed in forma pauperis, if it is satisfied that the action is frivolous or malicious.  The Supreme Court has recognized two types of cases which may be dismissed, sua sponte, pursuant to 28 U.S.C. § 1915(d).  Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  The first class are "claim(s) based on an indisputably meritless legal theory," and the second class contain "claims whose factual contentions are clearly baseless."  *Id.*  This case lacks both an arguable basis in law and presents a factual assertion that is groundless.

Case No. 4:12cv477-RS/CAS

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**